UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAFAA ELEA AZIEZ,<br><br>                       Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                       Defendant. | Case No.: 15cv2272-CAB-JLB<br><br>**ORDER REGARDING MOTION FOR ATTORNEYS' FEES [Doc. No. 22]** |

On December 27, 2016, Magistrate Judge Jill L. Burkhardt issued a Report and Recommendation ("Report") to grant Plaintiff Wafaa Aziez's motion for summary judgment and to deny Defendant Berryhill's cross-motion for summary judgment. [Doc. No. 19.] On January 19, 2017, this Court issued an order adopting the Report, granting Plaintiff's motion for summary judgment, and denying Defendant's motion for summary judgment. [Doc. No. 20.] On April 19, 2017, Plaintiff filed a motion for attorneys' fees. [Doc. No. 22.] On May 4, 2017, Defendant filed an opposition to the motion. [Doc. No. 24.] On May 11, 2017, Plaintiff filed a reply to the opposition. [Doc. No. 25.] After a careful review of the submissions of the parties, the Court **GRANTS** Plaintiff's motion for attorneys' fees.

DISCUSSION

Plaintiff has submitted an application for attorney's fees pursuant to the Equal Access to Justice Act, ("EAJA") 28 U.S.C. section 2412. Defendant opposes the motion on the grounds that the government's position was substantially justified and that the fees requested are unreasonable. The Court grants plaintiff's application, as set forth below.

The EAJA shifts the burden of attorney's fees from the private litigant to the government in order to reduce the chance that the expense of legal representation will deter defense against unreasonable government action. *Wolverton v. Heckler*, 726 F.2d 580, 582 (9th Cir.1984). "[A] litigant is entitled to attorney's fees and costs if (1) [s]he is the prevailing party, (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust, and (3) the requested attorney's fees and costs are reasonable. 28 U.S.C. § 2412(d)(1)(A); *Carbonell v. INS*, 429 F.3d 894, 898 (9th Cir.2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir.2002)) (further citation omitted).

A. Plaintiff is the prevailing party.

An applicant for Social Security benefits who receives a remand under sentence four of 42 U.S.C. section 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. *Shalala v. Shaefar*, 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Garnica v. Astrue*, 378 Fed. Appx. 680, 681 (9th Cir. 2010). The Court remanded this action to the ALJ pursuant to sentence four of 42 U.S.C. section 405(g). [Doc. Nos. 19, 20.] Plaintiff is therefore a prevailing party. *See Shalala*, 509 U.S. at 302.

B. The Commissioner has not shown that her position was substantially justified.

The government bears the burden of showing that its position was, as a whole, substantially justified. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir.2001) ("*Gutierrez II* "). To meet this standard, the government must advance a position that is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir.2008) (citation and

internal quotations omitted). In making this determination, a court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Gutierrez II*, 274 F.3d at 1258–59 (quotations, citations, and modifications omitted). The Commissioner must show that her position was substantially justified "with respect to the issue on which the court based its remand." *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir.1995). It is an abuse of discretion to find "that an agency's position was substantially justified when the agency's position was based on violations of ... the agency's own regulations...." *Gutierrez II*, 274 F.3d at 1259–60 (citing *Mendenhall v. NTSB*, 92 F.3d 871, 874 (9th Cir.1996)).

      Here, the Commissioner's position with respect to the issues on which the Court based its remand was not substantially justified. This Court found the Commissioner committed the following two errors of law and fact: (1) the ALJ did not meet the "clear and convincing" standard to discredit Plaintiff's testimony [Doc. No. 19 at 16]; (2) Plaintiff presented a colorable claim of somatoform disorder and the ALJ failed to even mention it [Doc. No. 19 at 18]. For the reasons set forth in the Report, the Commissioner's position was not substantially justified. [*See generally,* Doc. No. 19.] Moreover, given that several errors were made by the ALJ, the government's position is not substantially justified. *See Herron v. Colvin*, 585 Fed. Appx. 511, 512-13 (9th Cir. 2014)(where ALJ made a series of legal errors, the government's position was not substantially justified). Finally, given that the underlying government position was not substantially justified, the government was also not substantially justified in defending the previous action. See *Sampson v. Chater*, 103 F.3d 918, 922 (citations omitted).

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

C. The requested attorney's fees are reasonable.

Plaintiff's counsel seeks an order awarding a total of $17,165.50 in attorney's fees. In the original motion, Plaintiff requested $17,466.07 in attorneys' fees. That amount accounts for 12.2 hours of attorney time at the 2015 rate of $190.28 per hour and 73.1 hours of attorney time at 2016 rate of $192.68 per hour, plus an additional 5.5 hours ($1,059.74) for preparation of the fees motion. [Doc. No. 22-2 at 2-3.] The Commissioner argues that the number of hours Plaintiff's attorneys claim to have spent litigating this action is unreasonable. Specifically, the Commissioner asserts that the work could have been accomplished in 33.5 hours and suggests an award of $7,482.29. [Doc. No. 24 at 18.] In reply, Plaintiff agrees to a 5.1 hour reduction for time that is duplicative or clerical, and requests an additional 9 hours of for preparation of the reply, for a total of $17,165.50 in fees. [Doc. No. 25 at 9.]

The EAJA directs the court to award reasonable fees. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. See *Commissioner, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983), abrogated on other grounds by *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, (1989); *Passatino v. Johnson & Johnson Consumer Prods., Inc*., 212 F.3d 493, 515 (9th Cir.2000); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir.1998).

Here, the Commissioner does not dispute the reasonableness of the rates, but rather the number of hours expended. The Court finds that the requested rates, based upon the EAJA rate found on the Ninth Circuit Court of Appeals website, are reasonable.

As to the number of hours expended, Plaintiff's counsel has submitted detailed billing records showing the number of hours expended for each task. [Doc. No. 22-4 – 22-5.] The Commissioner disputes the reasonableness of the hours spent on particular tasks and then suggests what she thinks would have been a reasonable amount of time for each task. [Doc. No. 24.] However, the Court sees no reason to dispute Plaintiff's counsel's representation that all hours were reasonably expended, especially after

Plaintiff's request was adjusted in the reply. The Administrative Record in this case was over 800 pages long, and Plaintiff had complicated physical and mental health diagnoses, all of which had to be evaluated against Social Security regulations and guidelines. Given the complexity of the matter, as well as the fact that Plaintiff's counsel submitted over 40 pages of briefing in this matter (not including the motion for attorneys' fees), 85.7 hours of attorney time is not unreasonable. See *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000).[1]

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorneys' fees is **GRANTED** in the amount of **$16,539.88**.

Dated: June 13, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Given the concessions made in the reply as to duplicative and clerical hours, the Court declines to award an additional 9 hours for preparation of the reply.